## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. 6:20-cv-00182-Orl-78EJK

WILLIE TONEY, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.

ADVANTAGE CHRYSLER
DODGE-JEEP, INC., ET AL.

      Defendants.

_____/

### DEFENDANT SYNERGY MARKETING ADVISORS, INC.'S SECOND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Synergy Marketing Advisors, Inc. d/b/a Synergy Resource Advisors ("Synergy") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. This Motion is in addition to Synergy's prior Rule 12(b)(1) Motion to Dismiss for lack of Article III Standing, and is based on case law that was not available at the time of the original Motion.

### INTRODUCTION

Synergy respectfully requests that the Court dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Telephone Consumer Protection Act ("TCPA") is unenforceable against Synergy in this action as it violated the First Amendment at the time the calls were made.

010-9133-3242/1/AMERICAS

In *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*"),[1] the Supreme Court held that the TCPA, as written, was an unconstitutional, content-based suppression on speech. As a remedy, the Court severed the government-backed debt exception, but left the remainder of the TCPA intact. The Supreme Court, however, severed the government-backed debt exception on a going-forward basis. Thus, at the time the calls at issue here were placed, the TCPA was an unconstitutional, content-based restriction on speech. Plaintiff's Amended Complaint must therefore be dismissed, as he filed it under a law that violated the First Amendment at the time of the calls at issue. *See, Lidenbaum v.Realgy, LLC*, No. 1:19 CV 2862 (N.D. Ohio Oct. 29, 2020) (attached as Ex. A.); *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020).

## BACKGROUND

I.    **Alleged Calls**

Plaintiff alleges that he received a single "ringless voicemail" in 2019. (Compl. ¶ 31.) Plaintiff does not allege that he received any calls after July 6, 2020 – the date the Supreme Court decided *AAPC*. (*See id.*)

II.    *AAPC*

   A.    **The Supreme Court Holds the TCPA Unconstitutional, but Severs the Government-Backed Debt Exemption.**

In *AAPC,* the Supreme Court held that the TCPA violates the First Amendment, because it discriminates on speech based on its content. *AAPC*, 140 S. Ct. 2346 ("The initial First

---

[1] Because the Supreme Court decided the constitutional challenge to the automated-call ban in *AAPC*, Federal Rule of Civil Procedure 5.1 does not apply to the instant filing and a notice of constitutional challenge is not required. *See* Fed. R. Civ. P. 5.1. If the Court determines otherwise, Synergy will promptly file such a notice.

Amendment question is whether the robocall restriction, with the government-debt exception, is content-based. The answer is yes."). Specifically, the Court held that the government-backed debt exception – added in 2015 – treated speech to collect a debt issued or guaranteed by the federal government more favorably than other forms of speech. *Id.* at 2347. As a remedy, however, the Court severed the government-backed debt exemption on a prospective basis. *See id.* at 2343 ("seven members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute.").

### B.     The Court Does Not Reach A Majority on Liability for Pre-Severance Calls.

Significantly, however, the Supreme Court did not reach a majority on the effect of severance for calls that took place before it severed the government-backed debt exemption. Writing for himself and two other justices, Justice Kavanaugh stated in a footnote: "On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S. Ct. at 2355, n.12.

Significantly, only three total justices joined in that footnote (Justice Kavanaugh and two others).

Justices Thomas and Gorsuch correctly stated that footnote 12 was a mere "suggestion" that does not bind other courts. *Id.* at 2363 ("by shield[ing] only government-debt collection callers under an admittedly unconstitutional law," the three justices "wind up endorsing the very same kind of content discrimination" severance is "seeking to eliminate.").   In  the  only two decision to address this issue post-*AAPC*, the Northern District of Ohio and Eastern District of Louisiana sided with Justices Thomas and Gorsuch, and held that federal courts do not have subject matter jurisdiction over calls that occurred prior to July 6, 2020. *See Lidenbaum*, Ex. A,

pp. 13-14 ("Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."); *Creasy,* No. 20-1199 SECTION "F", 2020 U.S. Dist. LEXIS 177798.

## ARGUMENT & CITATION TO AUTHORITY

### I.      Legal Standard

Dismissal is proper under Rule 12(b)(1) because the Court lacks subject matter jurisdiction. A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as here, the challenge is based solely on the allegations in the complaint (a "facial attack"), the court presumes that the allegations in the complaint are true. *Id.* The plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"); *see also*, *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760, (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to ignore it. It decides the case 'disregarding the [unconstitutional] law,' because a law repugnant to the Constitution 'is void, and is as no law.'" (second alteration in original) (citation omitted).)

010-9133-3242/1/AMERICAS

As relevant here, a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion at the time of the speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2, (1972) (holding, also with regard to an invalid time-place-manner restriction, that determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech at issue). It also supports the general rule that "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce." *United States v. Baucum*, 80 F.3d 539, 541-42, 317 U.S. App. D.C. 63 (D.C. Cir. 1996) (per curiam).

## II.    The TCPA Was Unconstitutional During the Alleged Calls.

As the *Lidenbaum* and *Creasy* courts held, the TCPA was unconstitutional between the enactment of the government-backed debt exemption in 2015 and when the Supreme Court severed it from the remainder of the statute on July 6, 2020. *Creasy*, 2020 U.S.Dist. LEXIS 177798, at * 14. The reasoning behind this is simple. A majority of the Supreme Court (six justices) held that the TCPA as a whole was unconstitutional as written. *Id.* at *10. The statute only became constitutional after the Supreme Court severed the government-backed debt exemption on July 6, 2020. *Id.* at *12-14. Thus, all calls placed between 2015 and July 6, 2020 – which includes all of the calls at issue here – were placed at a time where the TCPA was unconstitutional. *Id.*

As the *Lidenbaum* Court aptly held:

> The plaintiffs in AAPC sought the right to speak going forward on the grounds that the statute, as written, is an unconstitutional content-based restriction. The Supreme Court denied that relief, but offered a remedy in the form of eliminating

5

the content based restriction. But, in our case, severance of the content-based restriction does not offer a "remedy" to correct past harm. Here, defendants do not seek the right to speak, having already done so. They seek the right to be free from punishment for speaking during a time when an unconstitutional content-based restriction existed. A forward-looking fix offers no remedy for this past wrong.

*Lidenbaum*, Ex. A, p. 10.

It is axiomatic that a defendant cannot be held liable under an unconstitutional law, and that federal courts lack jurisdiction to enforce unconstitutional statutes. *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"). Indeed, as arguably the most significant Supreme Court case in history held, "[a]n act of congress repugnant to the constitution cannot become a law." *Marbury v. Madison*, 5 U.S. 137, 138 (1803). Thus, as Justices Thomas and Gorsuch observed, it would be highly improper to hold Synergy liable for calls that took place during a period of time in which the TCPA as a whole was unconstitutional. *AAPC*, 140 S. Ct. at 2363.

Footnote 12 of the *AAPC* Plurality opinion does not mandate a different result and is not binding on this Court for two reasons. First, it does not command a majority of the Court. Second, it is dicta. In fractured opinions such as *AAPC*, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977). Thus, in *AAPC*, only the narrowest grounds critical to the decision bind lower courts. *Id.*; s*ee also* Ryan C. Williams, Questioning

6

Marks: Plurality Decisions and Precedential Constraint, 69 STAN. L. REV. 795, note 1 at 798 (2017).

The Plurality in *AAPC* spelled out the "narrowest grounds" that commanded majorities: six members agreed that the TCPA, as written, violated the First Amendment, and seven members agreed that the government-backed debt exception should be severed. *AAPC*, 140 S.Ct. at 2343. Those two holdings – and only those two holdings – bind this Court. *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *8-9. Accordingly, because even the *AAPC* Plurality does not contend that its Footnote 12 commanded a majority, it is not precedential.

Second, even if Footnote 12 was part of a majority decision – which it is not – it would still not be binding as it is dicta at best. First, the question of liability for pre-severance calls was not even addressed by lower courts, making it extremely unlikely that the Court even intended to address it. *See McLane Co., Inc. v. E.E.O.C.*, 137 S. Ct. 1159, 1170 (2017) (Supreme Court "ordinarily will not decide questions not raised or litigated in the lower courts."). Second, the only issues before the Court were whether the government-backed debt exemption rendered the TCPA in violation of the First Amendment and whether it could be severed to save the statute. *AAPC*, Case No. 19-631, https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf (last visited October 14, 2020). The parties to *AAPC* never even briefed or argued whether severance should apply prospectively or retrospectively.

## III.   All Calls Here Occurred When The TCPA Was Unconstitutional.

Plaintiff alleges that she received calld from Synergy in 2019. (Compl. ¶ 31). She does not allege that she received any calls in 2020 or before 2015. Accordingly, all of the calls

occurred during a time the Supreme Court held the TCPA was an unconstitutional, content-based restriction on speech. *See AAPC*, 140 S. Ct. at 2346 (plurality opinion); *id*. at 2356-57 (Sotomayor, J., concurring in the judgment) ("Even under intermediate scrutiny, the Government has not explained how a debt-collection robocall about a government-backed debt is any less intrusive or could be any less harassing than a debt-collection robocall about a privately backed debt."); *id.* at 2364 (Gorsuch, J., concurring in the judgment in part and dissenting in part) ("The statute is content-based because it allows speech on a subject the government favors (collecting its debts) while banning speech on other disfavored subjects (including political matters).").

As the TCPA only passed constitutional muster after July 6, 2020, this Court lacks subject matter jurisdiction over the calls at issue here. Each call – a form of speech – occurred during a time where the TCPA was effectively void. *See Lidenbaum*, Ex. A. pp. 13-14 ("The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."); *Creasy*, 2020 U.S. Dist. LEXIS 177798, at *14-15 ("the unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to [Synergy] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [Synergy]'s liability with regard to such communications."); *Baucum*, 80 F.3d at 541-42 (holding that federal courts are without jurisdiction to enforce violations of an unconstitutional statute "since there is no valid 'law of the United States' to enforce."). Plaintiff's FAC should therefore be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

010-9133-3242/1/AMERICAS

**CONCLUSION**

For the foregoing reasons, Synergy respectfully requests that the Court grant this Motion to Dismiss Plaintiff's First Amended Complaint.

Dated:  October 30, 2020                    Respectfully submitted,

                                            */s/ Jason Daniel Joffe*
                                            Jason Daniel Joffe
                                            Florida Bar No. 0013564
                                            E-Mail: jason.joffe@squirepb.com
                                            **SQUIRE PATTON BOGGS (US) LLP**
                                            200 S. Biscayne Blvd., Suite 4700
                                            Miami, Florida  33131
                                            Telephone:  (305) 577-7000
                                            Facsimile:  (305) 577-7001

                                            Daniel L. Delnero
                                            (Admitted Pro Hac Vice)
                                            E-Mail:  daniel.delnero@squirepb.com
                                            **SQUIRE PATTON BOGGS (US) LLP**
                                            1230 Peachtree Street, NE, Suite 1700
                                            Atlanta, GA  30309
                                            Telephone:  (678) 272-3200
                                            Facsimile:  (678) 272-3211

                                            *Counsel for Defendant HomeAdvisor, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                            */s/ Jason Daniel Joffe*
                                            Jason Daniel Joffe