UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE TONEY,

        Plaintiff,

v.                                        Case No: 6:20-cv-182-WWB-EJK

ADVANTAGE CHRYSLER-DODGE-
JEEP, INC. and STRATICS
NETWORKS, INC.,

        Defendants.
                               /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Class Certification (Doc. 118). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 150), in which he recommends that the Motion be denied because Plaintiff lacks Article III standing in this case or, in the alternative, he has not established typicality. Plaintiff filed an Objection (Doc. 153), to which Defendant Advantage Chrysler-Dodge-Jeep, Inc. ("**Advantage**") filed a Response (Doc. 160).

**I.  BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 150 at 1–2).

**II.  LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court

must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.   DISCUSSION

Plaintiff objects to the R&R insofar as it reaches or discusses the issue of typicality. Specifically, Plaintiff argues that the Magistrate Judge's recommendation regarding Article III standing deprived him of jurisdiction to consider the question of typicality. However, as Advantage astutely points out, the R&R is not a final order or finding that this Court lacks standing. It is a recommendation that this Court make such a finding. *See, e.g.*, *Muthiah v. McGill*, No. 1:18-CV-3920-CAP, 2018 WL 4482072, at *1 (N.D. Ga. Sept. 6, 2018) ("Since the magistrate judge's report and recommendation was not a final order, this court retains jurisdiction."); *Lewis v. McDonough*, No. 5:06cv111/RS-MD, 2007 WL 2729670, at *1 (N.D. Fla. Sept. 18, 2007) ("The Report and Recommendation is just that, a recommendation, by the Magistrate Judge to the District Judge. In due course, the District Judge then enters a final order, which approves and adopts or disapproves and rejects, in whole or in part, the Magistrate Judge's recommendation."). Therefore, this Court finds no error with respect to the Magistrate Judge's decision to make an alternative recommendation regarding typicality.

No party has objected to the findings of fact and conclusions of law regarding standing. After an independent de novo review of the record, the Court agrees entirely with the analysis set forth in the R&R regarding that issue and finds that the Motion for Class Certification is due to be denied. Moreover, because Plaintiff does not argue that he has standing to pursue his claims—either individually or as a class representative—the Court finds that dismissal of this case for want of jurisdiction is also proper. *See Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011); (*see also* Doc. 153 at 3 (arguing that the R&R should have "recommend[ed] that the suit be dismissed without prejudice" (emphasis omitted))). Plaintiff's remaining objections regarding the merits of the R&R's typicality analysis are, therefore, moot.

## IV.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 153) is **OVERRULED**.
2. The Report and Recommendation (Doc. 150) is **ADOPTED** and **CONFIRMED** and made a part of this Order to the extent consistent with that stated herein.
3. Plaintiff's Motion for Class Certification (Doc. 118) is **DENIED**.
4. The Amended Complaint (Doc. 40) is **DISMISSED without prejudice**.
5. All other pending motions are **DENIED as moot**.
6. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on September 1, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record